CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

MAY 2 3 2007

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| EDNA S. ZUMBRO, ) | CASE NO. 3:06CV00058 |
| Plaintiff, ) | |
| v. ) | REPORT AND RECOMMENDATION |
| MICHAEL J. ASTRUE, Commissioner ) | By: B. Waugh Crigler |
| of Social Security[1], ) | U. S. Magistrate Judge |
| Defendant. ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's March 4, 2004 protectively filed claim for a period of disability and disability insurance benefits, under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416 and 423, is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an order enter AFFIRMING the Commissioner's final decision, GRANTING the Commissioner's motion for summary judgment, and DISMISSING this case from the docket of the court.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge (Law Judge) found that plaintiff was forty-two years old on her alleged disability onset date, September 5, 2003; has the equivalent of a high school education; is

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted for Commissioner Jo Anne B. Barnhart as the defendant.

insured through December 31, 2009; and had not engaged in substantial gainful activity during the relevant time period. (R. 22, 24, 30.) The Law Judge also found that plaintiff has severe physical and mental impairments; however, these impairments are not severe enough to meet or equal any listed impairment. (R. 24-28.) The Law Judge was of the view that the alleged severity of plaintiff's symptoms and limitations was "not fully supported" by the record, and that she retained the residual functional capacity (RFC) to perform a wide range of unskilled, sedentary work.[2] (R. 28-29.) The Law Judge determined that plaintiff could not perform her past relevant work.[3] (R. 30.) The Law Judge further determined that other jobs exist in the national economy that she could perform,[4] which led to his ultimate finding that plaintiff was not disabled under the Act. (R. 30-31.)

Plaintiff appealed the Law Judge's decision to the Appeals Council, which found no basis in the record, or in the reasons advanced on appeal, to review the Law Judge's decision. (R. 6-9.) Accordingly, the Appeals Council denied review and adopted the Law Judge's decision as the final decision of the Commissioner. This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing

---

[2]The Law Judge found that plaintiff was moderately limited in social functioning, but had the mental functioning capacity to meet the basic demands of competitive work. (R. 28.) He further found that she should avoid exposure to irritants and that she required an alternate sit/stand option to change positions as needed. (*Id.*) The Law Judge determined that she could lift up to ten pounds, sit a total of six hours in an eight hour workday, stand/walk a total of about two hours in an eight hour workday, and occasionally climb, stoop, kneel and crouch. (*Id.*)

[3]The VE testified that plaintiff's past relevant work as a correctional officer, correctional supervisor, and nurse's aid were exertionally light to medium. (R. 30, 454.)

[4]The Law Judge concluded that plaintiff could perform the following unskilled, sedentary positions: receptionist, general clerk, and assembler. (R. 30.)

2

symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hayes v. Sullivan*, 907 F. 2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F. 2d 987 (4th Cir. 1984). The Regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. 20 C.F.R. § 404.1527; *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In the "Memorandum" filed in support of her motion for summary judgment, plaintiff initially argues that the Law Judge erred by failing to give the opinions of her treating physicians, Donald P.K. Chan, M.D.[5] and David Campanelli, M.D., controlling weight. (Plaintiff's Brief, pp. 4-10.) Plaintiff contends that the Law Judge's decision was based on the RFC finding of the State agency physician, which is inconsistent with the findings of her treating physicians. (Pl's Brief, pp. 6-10.)

As noted above, the Law Judge found that plaintiff could perform a wide range of sedentary work with a sit/stand option to change positions as needed. (R. 28.) Plaintiff concedes that the Law Judge's finding that she could perform sedentary work is accurate. (Pl's Brief, p. 8.) However, she argues that her ability to perform sedentary work is limited by the following non-exertional limitations: sitting no more than one hour; standing up to thirty minutes; occasionally walking; never bending; less than occasionally reaching forward or overhead; and

---

[5]Dr. Chan is a professor and the head of the Division of Spine surgery in the Department of Orthopaedics with the University of Virginia Health System. (R. 193.)

3

no repetitive leg and arm movements, balancing and squatting, kneeling and crawling. (*Id.*)

In support of her claim that the Law Judge erred in failing to include these non-exertional limitations in his RFC determination, plaintiff refers to a "Functional Capacity Evaluation" performed at the request of Dr. Chan on July 9, 2004. (R. 427-435.) The formal report of findings provided to Dr. Chan following the evaluation revealed that plaintiff would be "able to function at the sedentary physical demand level" with weaknesses in pain perception, blood pressure, and material and non-material handling. (R. 428.) The report specifically stated that with respect to material handling, she could occasionally (1-33%) handle ten pounds, frequently (34-66%) handle negligible weight, and constantly (67-110%) handle negligible weight. (*Id.*) Attached to the report are forms which summarized various test results[6] performed on plaintiff in connection with the evaluation. (R. 429-435.) One section of the attachment is entitled "Critical Physical Demands" and revealed that plaintiff's "current status" allows her to sit for one hour; stand for thirty minutes; never bend; less than occasionally[7] reach forward/overhead; less than occasionally climb stairs; never squat/kneel/crawl; occasionally walk; and never balance or perform repetitive leg/arm movements. (R. 431.) Plaintiff argues that this should be viewed as non-exertional limitations imposed by the evaluator on her ability to perform sedentary work. (Pl's Brief, p. 5-6, 8.) The undersigned declines to parse out one section of the attachment and find that the evaluator intended this section to constitute controlling limitations on plaintiff's ability to work. Rather, the undersigned finds that the evaluator's conclusion, as stated in the

---

[6]The summary also contains results from the following tests: maximum voluntary effort, a five position hand grip test, rapid exchange test, and a lumbar range of motion test. (R. 431-433.)

[7]The report defines "occasional" as one to three hours. (R. 431.)

4

formal report to Dr. Chan, is that plaintiff can perform sedentary work with limitations on material handling as specifically stated, a finding which supports the Law Judge's determination of plaintiff's RFC.

In an attempt to show that Drs. Chan and Campanelli agree that the findings of the Critical Physical Demands test impose additional limitations on her functional capacity, plaintiff points to statements in their records which she contends establish she suffers the non-exertional limitations on her work-related ability. (Pl's Brief, p. 6.) The undersigned does not construe the records from Drs. Chan and Campanelli support such an argument. To the contrary, those records actually support the ultimate finding by the Law Judge of plaintiff's functional capacity.

On September 15, 2003 Dr. Chan believed it was not advisable for plaintiff to return to her job which required her to restrain inmates, and he recommended she seek a job modification which would allow her to perform a sedentary job. (R. 193.) On June 28, 2004, he noted that, although plaintiff likely would have some degree of permanent impairment with her back, he anticipated she would be ready to perform light work by the first week in August 2004. (R. 355.) In his note dated September 2, 2004, Dr. Chan made reference to the fact plaintiff had received a functional capacity evaluation, and he expressed an agreement with the evaluator's conclusion that she could perform sedentary work. (R. 353.) Dr. Campanelli's evidence shows that his "overall impression is in agreement" with Dr. Chan's assessment of plaintiff's functional limitations. (R. 408.)

In addition to the findings of Drs. Chan and Campanelli, the other evidence of record supports the Law Judge's finding that plaintiff can perform sedentary work which allows for a

5

Case 3:06-cv-00058-NKM-BWC   Document 13   Filed 05/23/07   Page 5 of 7   Pageid#: 58

sit/stand option. Dr. Sarpolis determined that plaintiff could perform light work.[8] (R. 356-361.) William C. Amos, M.D. provided a corroborative opinion that plaintiff could perform light work. (R. 373-379.)

Next, plaintiff argues that the hypothetical presented to the VE was legally inadequate in that it failed to include all of her limitations. (Pl's Brief, p. 10-13.) Specifically, plaintiff argues that the Law Judge's hypothetical was based on an erroneous RFC. (*Id.*) In this connection, the Law Judge is only required to include in his hypothetical questions those limitations which are supported by the evidence of record. *See Walker v. Bowen*, 889 F.2d 47, 50-51 (4th Cir. 1989). As noted above, the Law Judge's RFC is supported by substantial evidence. Thus, the undersigned finds that the hypothetical question challenged here included all of the limitations supported by the record, and as such, was not legally inadequate under *Walker*.

For these reasons, it is RECOMMENDED that an order enter AFFIRMING the Commissioner's final decision, GRANTING the Commissioner's motion for summary judgment and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual

---

[8]If a claimant can perform light work, she can also perform sedentary work. *See* 20 C.F.R. § 404.1567(b).

recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: *[signature]*
U.S. Magistrate Judge

5/23/07
Date

7