

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| EDNA S. ZUMBRO,<br><br>                   *Plaintiff,*<br><br>v.<br><br>MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY<br><br>                   *Defendant.* | CIVIL NO. 3:06cv00058<br><br>MEMORANDUM OPINION and ORDER<br><br>JUDGE NORMAN K. MOON |

This case was referred to the Honorable B. Waugh Crigler, United States Magistrate Judge, on November 13, 2006, for proposed findings of fact and a recommended disposition of the parties' cross-motions for summary judgment (docket entry no. 4). The Magistrate Judge filed his Report and Recommendation ("Report") on May 23, 2007 (docket entry no. 13), recommending that I enter an order affirming the Commissioner of Social Security's ("Commissioner") final decision denying benefits, granting the Commissioner's motion for summary judgment, and dismissing this case from the docket of the court.

After a thorough examination of the documented record, I conclude that, because the Commissioner has failed to adequately develop the record, I cannot determine if his decision is supported by substantial evidence. The Court will decline to adopt the Report. For the following reasons, this case is to be REMANDED to the Commissioner for an additional hearing in accordance with 42 U.S.C. 405(g).

### *I. BACKGROUND*

Plaintiff is a 45-year-old woman who has had two back surgeries to repair a herniated

disk, and who has discogenic pain, degenerative disk disease, and facet joint arthritis. She also experiences anxiety with associated panic disorder and attacks. Plaintiff stopped working in September 2003 when she could no longer perform her duties as a corrections officer. The Commissioner, through the decision of the ALJ, has ruled that Plaintiff can perform unskilled, sedentary work, limited only by the need to alternate sitting and standing, and to avoid environmental irritants.

On July 7, 2004, Plaintiff's treating physician, Dr. Donald P.K. Chan, Professor and Head of the University of Virginia Health Sciences Center's Department of Orthopaedics, referred her to a physical therapist for a Functional Capacity Evaluation ("FCE"). The FCE lists Plaintiff's exertional capacity as "Sedentary," as defined by the U.S. Department of Labor. (R. 428) The exertional level reflects the claimant's ability to sit, stand, walk, lift, carry, push, or pull. *Titles II and XVI: Determining Capability to Do Other Work—The Medical-Vocational Rules of Appendix 2*, [1983-1991] Soc. Sec. Rep. (CCH) 83-10 at 4 (1983). The FCE also includes nonexertional limitations; nonexertional limitations are impairments that affect the mind, vision, hearing, speech, and use of the body to climb, balance, stoop, kneel, crouch, crawl, reach, handle, and use of the fingers for fine activities. *Id.* at 5.

A person who may be able to successfully perform the exertional requirements of sedentary work may nevertheless be unable to successfully perform sedentary work due to nonexertional limitations. *See* Titles II and XVI: Determining Capability to Do Other Work—Implications of a Residual Functional Capacity for Less Than a Full Range of Sedentary Work, 61 Fed. Reg. 34478, 34481 (July 2, 1996). Nonexertional limitations can affect the capacity to perform jobs at all levels of physical exertion. An entire range of jobs can be severely compromised. *See id.* According to the FCE, Plaintiff's nonexertional limitations include the

Case 3:06-cv-00058-NKM-BWC   Document 16   Filed 07/03/07   Page 2 of 5   Pageid#: 82

inability to bend, squat, kneel, crawl, balance, or make repetitive leg/arm movement. (R. 431) Objective tests for validity confirmed that the FCE results were valid and represented Plaintiff's maximum functional ability. (R. 427) Discussing the FCE, Dr. Chan said that he "would agree that all she can do is a sedentary type of job." (R. 353)

On September 23, 2004, a state agency physician who had never treated, evaluated, or met Plaintiff completed a Residual Functional Capacity Assessment ("RFC"), which concluded that Plaintiff has the exertional capacity to do sedentary work, but did not enumerate the same nonexertional limitations found in the FCE. The ALJ decision adopted the state agency physician's RFC, claiming that "it is the consensus of the treating and examining physicians that the claimant retains the capacity for sedentary work." (R. 29)

## *II. STANDARD OF REVIEW*

A district court's primary function in reviewing an administrative finding of no disability is to determine whether the Commissioner's factual findings are supported by substantial evidence and were made in accordance with applicable law. *See* 42 U.S.C.A. §§ 405(g), 1383(c)(3) (West 2007); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987); *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citing *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'" *Laws*, 368 F.2d at 642. However, a claim that the Commissioner improperly applied legal standards in making factual findings is reviewed de novo. *See Hines v. Bowen*, 872 F.2d 56, 58 (4th Cir. 1989).

An ALJ has a "duty of explanation" to "refer specifically to the evidence informing [his]

- 3 -

Case 3:06-cv-00058-NKM-BWC Document 16 Filed 07/03/07 Page 3 of 5 Pageid#: 83

conclusion[s]." *See Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir. 1985). Reviewing courts have a corresponding obligation "to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Arnold v. Secretary*, 567 F.2d 258, 259 (4th Cir. 1977); *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1974).

Where the Commissioner has failed to develop the record or has failed to explain the denial of a claim adequately, so that the reviewing court cannot determine if the decision is supported by substantial evidence, remand for rehearing is appropriate. *Cook v. Heckler*, 783 F.2d 1168, 1174 (4th Cir. 1986).

### *III. DISCUSSION*

The determination of Plaintiff's disability, or lack thereof, hinges upon the opinion of Dr. Chan, Plaintiff's treating physician. "If a treating source's medical opinion is well-supported and not inconsistent with the other substantial evidence in the case record, it must be given controlling weight." Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions, 61 Fed. Reg. 34490, 34490 (July 2, 1996). On September 2, 2004, Dr. Chan said that "[Plaintiff] had a functional capacity evaluation and [he] would agree that all she can do is a sedentary type of job." (R. 353) Plaintiff argues that this opinion is inconsistent with the opinion of Dr. Sarpolis, the state agency physician, that Dr. Chan's explicit endorsement of the exertional limitation ("sedentary") includes an implicit endorsement of the nonexertional limitations, and that his opinion must be given controlling weight. Defendants counter that Dr. Chan's opinion that Plaintiff can do a "sedentary type of job" is not inconsistent with Dr. Sarpolis' RFC, which says that Plaintiff retains the capacity for doing sedentary work but does not include many of the nonexertional limitations. Because the record is silent as to Dr. Chan's approval or rejection of the nonexertional limitations, neither Plaintiff's interpretation nor Defendant's interpretation can

-4-

be excluded as possibilities. As opposed to guessing what Dr. Chan may or may not have meant by "sedentary type of job," I am ordering the case remanded to determine Dr. Chan's opinion of Plaintiff's functional capacity, specifically for the meaning of his silence on the nonexertional limitations found in the FCE.

## *IV. CONCLUSION*

Under 42 U.S.C. 405(g), "[t]he court may ... at any time order additional evidence to be taken before the Commissioner of Social Security ... upon a showing that there is new evidence which is material." Given his position as Plaintiff's treating physician, Dr. Chan's opinion, in its entirety, is material to the determination of Plaintiff's disability status. Accordingly, this case is REMANDED to the Commissioner for development of the treating source's medical opinion so that I may evaluate if the denial of benefits is supported by substantial evidence.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

ENTERED: *[signature]*
United States District Judge

July 3, 2007
Date

- 5 -